■ JOAN K. DAVIDSON, Respondent, and ALEXANDER B. ("PETE") GRANNIS, Intervenor-Respondent, v. ELRICH E. EASTMAN et al., Respondents, and NEW YORK COUNTY LIBERAL PARTY, Appellant.— Judgment, Supreme Court, New York County, entered on October 17, 1974, affirmed, without costs and without disbursements, and with leave to appeal to the Court of Appeals granted, and amici curiae permitted to intervene and to appeal to the Court of Appeals. No proof was submitted to Special Term that the certificate was in fact filed. The Board of Elections did not find to the contrary. That body found that it was possible that the certificate might have been filed and, accordingly, the board would deem that it was. This is not, as the dissent claims, a finding in effect that the certificate was filed, a finding based on circumstantial evidence. This conclusion does not conform with what the board did. The board decided that it would regard the certificate as filed whether it was or not merely because a possibility existed that it was so filed. As an administrative ruling the board's act was impermissible. As a finding of fact it is ineffectual. Special Term made the only factual finding permissible on the proof adduced in open court. Leave to appeal to the Court of Appeals is granted. The intervenors are granted amici status for purpose of appeal. Concur — Steuer, Tilzer and Capozzoli, JJ.; Markewich, J. P., and Kupferman, J., dissent in the following separate memoranda, each also concurring in the memorandum of the other: Markewich, J. P. (dissenting). There was, in effect, a finding of fact by respondent Board of Elections that the requisite certificate had been filed. That is based on the evidence, circumstantial though it may be. Only the document itself was not presented. There was no basis for vacating that finding, nor, indeed, did Special Term do so. The Justice Presiding decided the case on a holding that the board was without power to make such a ruling. The decision below should be reversed, on the facts and the law, and the candidacies affected by Special Term's decision should be reinstated. Kupferman, J. (dissenting). The question is not whether the certificate was found, but whether it was filed. However, the filing is a mere technicality. (Cf. Matter of Arens v. Shainswit, 37 A D 2d 274, affd. on opn. of App. Div. 29 N Y 2d 663.) If the technicality aspect is deemed conclusive, then an article 78 proceeding after the primary, which determines candidacies, is beyond the permissible challenge period as a matter of law.